PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| WEI-DONG ZHENG, | ) |
|       Petitioner, | ) CASE NO. 4:17CV2509 |
| v. | ) JUDGE BENITA Y. PEARSON |
| JEFF SESSIONS, *et al.*, | ) |
|       Respondents. | ) **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF No. 5] |

*Pro se* Petitioner Wei-Dong Zheng, an alien with a final order of removal, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1.

Pending is Respondents Jeff Sessions, Department of Homeland Security ("DHS"), and Immigration and Customs Enforcement's ("ICE") Motion to Dismiss for Lack of Jurisdiction. ECF No. 5. The motion is unopposed. For the reasons stated below, the motion is granted.

## I. Background

Petitioner, a native and citizen of China, alleges that on March 6, 1998 he was ordered to be removed to China. ECF No. 1 at PageID#: 12. On or about April 21, 2017, Petitioner was taken into Respondents' custody and detained at the Northeast Ohio Correctional Center in Youngstown, Ohio. *Id.* at PageID#: 10, 12. On November 30, 2017, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *Id.* at PageID#: 10. Petitioner alleges that his continued detention was unlawful because it exceeded the six months "presumptive reasonable period during which ICE may detain aliens in order to effectuate their removal," and

(4:17CV2509)

therefore, he should be released from ICE's custody under an order of supervision. Id. at PageID#: 14. On February 28, 2018, Petitioner was released from ICE's custody under an order of supervision. ECF No. 5-2.

Now, Respondents move to dismiss this case with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction over the Petition on the basis that, Petitioner's claims became moot after he was released from ICE's custody on February 28, 2018. ECF No. 5. The motion is unopposed.

## II. Law and Analysis

"A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004). In the instant case, Respondents have provided a factual basis to demonstrate that the Court lacks subject matter jurisdiction.

In order for a district court to exercise jurisdiction over a petitioner's § 2241 *habeas* claim, the petitioner must be in government custody. See Prieto v. Gluch, 913 F.2d 1159, 1162 (6th Cir. 1990). Once a *habeas* petitioner is no longer in custody, the court must determine "whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). The relevant inquiry for the court is whether petitioner can demonstrate the existence of collateral consequences, i.e., "some concrete

(4:17CV2509)

and continuing injury other than the now-ended incarceration" that can be redressed by granting the *habeas* petition. *See* [id. at 7-8](). Therefore, "[a] habeas petition will become moot once the prisoner is released from custody unless the petitioner can show some sufficient collateral consequence of the underlying proceeding." [*Leitao v. Reno*, 311 F.3d 453, 455—56 (1st Cir. 2002)]().

Petitioner's *habeas* action is limited to the issue of the length of his detention. [ECF No. 1](). The record reflects that Petitioner was released from federal custody on February 28, 2018. [ECF No. 5-2](). Because Petitioner is no longer in federal custody, and does not dispute any previous court order nor alleges that he will suffer any collateral consequences from his detention, the *habeas* petition has become moot. Therefore, the Court dismisses the *habeas* petition for lack of subject matter jurisdiction.

### III. Conclusion

For the foregoing reasons, the Court grants Respondent's Motion to Dismiss for Lack of Jurisdiction. [ECF No. 5]().

IT IS SO ORDERED.

 June 6, 2018  */s/ Benita Y. Pearson*
Date  Benita Y. Pearson
 United States District Judge

3